# Ballard Spahr

---------------------

919 Third Avenue, 37th Floor
New York, NY 10022-3915
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Adam P. Hartley
Tel: 212.223.0100
Fax: 212.223.1942
hartleyp@ballardspahr.com

March 9, 2017

*Via ECF Delivery*

Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Libby Gold v. Global Credit and Collections Corp., No. 1:16-cv-05404 – Response in Opposition to Plaintiff's Motion to Stay Motion to Compel Arbitration, and Cross-Motion to Stay Discovery

Dear Judge Kuntz:

Pursuant to Section III(A) of your Individual Practices and Local Rule 37.3(c), defendant Global Credit and Collections Corp. ("Global") respectfully submits this letter in opposition to plaintiff Libby Gold's ("Plaintiff") motion to stay Global's Motion to Compel Arbitration, and cross-moves, pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4; Federal Rules of Civil Procedure 6(b) and 26(c); and the Court's inherent power, to stay discovery and all discovery-related deadlines until the Court resolves Global's motion to compel arbitration on an individual basis.

## I.   INTRODUCTION

On January 13, 2017, the Court entered an Order granting Global's request to file a motion to compel arbitration. The Court also entered a briefing schedule with the following deadlines: (1) Global's motion due on or before January 27, 2017; (2) Plaintiff's opposition due on or before February 24, 2017; and (3) Global's reply memorandum due on or before March 10, 2017.

Global timely served its Motion to Compel on January 27, 2017. However, Plaintiff failed to serve any response in opposition by February 24, 2017. Indeed, Plaintiff is yet to serve any response in opposition to the Motion to Compel. Rather, on March 1, 2017, Plaintiff's counsel sent an email attaching requests for admissions, interrogatories, and requests for production of documents (Plaintiff's "Discovery Requests"), and asking to "stay the briefing of the arbitration motion." Global rejected Plaintiff's request to stay adjudication of the motion to stay, and instead, demanded that the Discovery Requests be withdrawn, and that discovery be stayed pending adjudication of the Motion to Compel. Plaintiff refused to stay discovery, and thereafter, filed his motion to stay. *See* ECF No. 11.

DMEAST #28745940 v1

Atlanta | Baltimore | Bethesda | Delaware | Denver | Las Vegas | Los Angeles | New Jersey | New York | Philadelphia | Phoenix
Salt Lake City | San Diego | Washington, DC | www.ballardspahr.com

Plaintiff's motion should be summarily rejected, as it is procedurally improper, and as it fails to address the merits of Global's Motion to Compel Arbitration.

Moreover, although the Court's Order granting Global's request to file the motion to compel arbitration indicated that discovery would not be stayed, Global is now requesting the Court to stay all discovery as the Discovery Requests are improper, and – more importantly – because under the FAA, a party seeking to compel arbitration of a dispute cannot be required to litigate, or participate in discovery regarding, the merits of that dispute while the motion to compel arbitration is pending. Accordingly, Global respectfully requests that Plaintiff's "motion to stay" be denied, and that the Court instead enter an order suspending the merits discovery and other pre-trial deadlines pending the resolution of Global's Motion to Compel Arbitration.

## II. ARGUMENT

As a threshold matter, Plaintiff's "motion" should not be considered by the Court. Plaintiff failed to request an adjournment of the deadline set in the Court's Order, and filing an untimely motion does cure the failure to comply. Moreover, his request to stay adjudication of the Motion to Compel pending discovery is improper for the reasons discussed below. Accordingly, Plaintiff's motion should be denied, and Global's Motion to Compel should be granted as unopposed.

The Court should enter an order staying discovery pending adjudication of Global's Motion to Compel. As a preliminary matter, Plaintiff's discovery requests are improper, because the parties have not yet conferred pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Furthermore, the FAA requires that discovery be stayed when a motion to compel arbitration has been filed. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967) (where a motion to compel is pending, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate."). As the Supreme Court has explained, "[i]n so concluding, we honor not only the plain meaning of the statute, but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Id.* Thus, "a court is not to rule on the potential merits of the underlying claims." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

By precluding judicial inquiry into the merits, the FAA also precludes discovery into the merits during the pendency of a motion to compel arbitration. The rationale for staying discovery is simple - if arbitration is compelled, the scope and extent of discovery are determined by the arbitrator, not the court or the parties. *See Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. University*, 489 U.S. 468, 476 (1989) (issues relating to discovery are for the arbitrator to decide). Moreover, permitting discovery to proceed where a party has moved to

compel arbitration would defeat the purpose of arbitration in providing an inexpensive procedure for dispute resolution. *See Lummus Company v. Commonwealth Oil Refining Co.,* 273 F.2d 613, 613 (1st Cir. 1959) ("[A] court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation."). Indeed, every circuit court that has considered the question agrees that the FAA requires courts to stay discovery during the pendency of a motion to compel arbitration. *See e.g.*, *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) ("FAA provides for discovery . . . in connection with a motion to compel arbitration *only if* 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'") (quoting 9 U.S.C. § 4) (emphasis added). For these reasons, district courts in the Second Circuit routinely stay discovery and other pretrial proceedings pending resolution of a motion to compel arbitration. *See, e.g., Brockmeyer v. May*, No. 98 CIV. 5521(DLC), 1999 WL 191547, at *2 (S.D.N.Y. Apr. 6, 1999) (issuing a "stay of all discovery" pending resolution of defendant's motion to compel arbitration); *Intertec Contr. A/S v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116, 2001 U.S. Dist. LEXIS 9950, at *21 (S.D.N.Y. July 17, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court.").

This Court likewise should stay merits discovery and all other pretrial deadlines pending the resolution of Global's motion to compel arbitration.

### III.   CONCLUSION

For the foregoing reasons, Global respectfully request that the Court deny Plaintiff's motion to stay, and enter an order staying discovery in this matter until the Court resolves Global's pending Motion to Compel Arbitration. Global further requests that the Court enter an Order stating that Global is not required to respond to Plaintiff's discovery requests served on March 1, 2017, until the stay is lifted by the Court.

The undersigned hereby certifies that his office has made a good faith effort to resolve this matter on consent prior to filing this motion. Global's counsel contacted Plaintiff's counsel by email on March 9, 2017, and Plaintiff's counsel did not consent to the request – and instead, filed the motion to stay adjudication of Global's Motion to Compel.


Respectfully submitted,

/s/ *Adam P. Hartley*
Adam P. Hartley


cc:     Adam Fishbein, Esq.